IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| COREY J. HOOD, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 07-0539-C-EJL |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM ORDER** |
| KIM JONES, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On December 20, 2007, Idaho state prisoner Corey J. Hood filed a Petition for Writ of Habeas Corpus.  The Court is required to screen habeas petitions upon receipt to determine whether they are subject to summary dismissal.  *See* 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rules).  Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Habeas Rule 4.

After reviewing the Petition in this case, the Court has concluded that it plainly appears Petitioner will not be entitled to relief.  Accordingly, this case shall be dismissed.

<b>REVIEW OF THE PETITION</b>

After entering guilty pleas to two counts of first-degree murder in 1997, Petitioner was sentenced to concurrent terms of life in prison, with the first thirty-three years fixed.  (Appellant's Brief at 2, *State v. Hood*, 2007 WL 833508 (Idaho 2007)).[1]  Petitioner later filed a motion to correct

---

[1] Because Petitioner has chosen not to reveal the nature of his convictions in his Petition, indicating instead that he pled guilty to "a certain crime," the Court has taken judicial notice of the Appellant's Brief that he filed in the Idaho Supreme Court.

**MEMORANDUM ORDER - 1**

an illegal sentence, arguing that his sentence was illegal "because '[a] sentence of indeterminate life is 30 years in the State of Idaho.'" *Id*.   The state district court denied the motion, the Idaho Court of Appeals affirmed that decision, and the Idaho Supreme Court declined to review the case.

In this federal habeas action, Petitioner contends that he has been denied due process of law and access to the courts because Idaho statutory provisions do not define precisely what a sentence of "life imprisonment" means.   Instead, he suggests that a life sentence has traditionally been viewed in Idaho as a maximum of thirty years.   (Petitioner, pp. 2-5.)   This Court finds Petitioner's claim to be without merit, and no useful purpose would be served by ordering a response from the Respondent.   *See* Habeas Rule 4.

As an initial matter, Petitioner is essentially challenging the Idaho Court of Appeals' determination that his sentence is not illegal, which is a question of state law.   Federal habeas corpus relief is "unavailable for alleged errors in the interpretation or application of state law." *Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir.1994) (citation and quotation marks omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").   A federal court may review a state court's interpretation of its own law only when "it appears that its interpretation is an obvious subterfuge to evade consideration of a federal issue." *Peltier*, 15 F.3d at 862 (citing *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).   The Court finds no such subterfuge here, and Petitioner's attempt to recast the claim as a denial of "due process" or "access to the courts" is not sufficient to raise a cognizable federal issue.

**MEMORANDUM ORDER - 2**

However, even if a federal claim were present in this case, it is clear that it would lack merit. Setting aside serious questions regarding whether the Petition is timely, *see* 28 U.S.C. § 2244(d)(1), and whether the constitutional claim that Petitioner attempts to raise here was fairly presented and properly exhausted in the Idaho Supreme Court, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), Petitioner's allegations would not entitle him to habeas relief in federal court.

Petitioner's legal theory seems to be a variation of a similar argument that other Idaho prisoners have made recently, claiming that because an indeterminate life sentence was once considered to be thirty years for purposes of calculating *parole eligibility*, it should be considered thirty years for purposes of *release* from prison.  That argument has its roots in old cases such as *King v. State*, 456 P.2d 254 (Idaho 1969), in which the Idaho Supreme Court noted that "sentences of thirty years or more must be treated for purposes of parole eligibility as effective life sentences." *Id*. at 260.

Thus, in *State v. Wilson*, 672 P.2d 237 (Idaho Ct. App. 1983), the defendant argued that prior case law supported the view that a prisoner with a fixed life sentence was eligible to be released from prison after serving thirty years.  In rejecting that argument, the Idaho Court of Appeals stated:

> The uncertainty on this point may arise from language in several Idaho Supreme Court decisions concerning indeterminate sentences, stating that for the purpose of determining parole eligibility, any sentence beyond thirty years is an effective life sentence. *See King v. State*, 93 Idaho 87, 456 P.2d 254 (1969); *State v. Butler*, 93 Idaho 492, 464 P.2d 931 (1970); and *Pulver v. State*, 93 Idaho 687, 471 P.2d 74 (1970), *overruled on other grounds, State v. Tucker*, 97 Idaho 4, 539 P.2d 556 (1975). From this language, the view apparently has evolved that a life sentence means thirty years and that a person sentenced to a fixed life sentence will be eligible for release-outright or on parole-after thirty years. We believe this view is incorrect.

**MEMORANDUM ORDER - 3**

*Id.* at 243.[2]

The Court of Appeals recently expressed its opinion more strongly, holding that "under Idaho law, a life sentence is not and never has been a thirty-year sentence, nor is there any 'custom and usage' making it so." *State v. Murphy*, 158 P.3d 315, 316 (Idaho Ct. App. 2007) (citing *State v. Wood*, 876 P.2d 1352 (Idaho 1993)). According to this authority, then, when determining the potential maximum term that a prisoner may eventually be required to serve in Idaho–as opposed to calculating parole eligibility–life means life.

Furthermore, whatever ambiguity that may have existed in Idaho law decades ago does not exist with respect to Petitioner's sentences, which were imposed eleven years after the Idaho Legislature enacted the Unified Sentencing Act. *See State v. Wood*, 876 P.2d 1352, 1354 (Idaho 1993) ("the quote from *King* identified by [inmates] no longer has precedential value in light of the adoption of the Unified Sentencing Act in 1986"). Under the Act, the trial court sets a minimum period of confinement, during which the defendant is not eligible for parole, and a subsequent indeterminate period of confinement that cannot exceed the maximum statutory punishment for the crime. Idaho Code § 19-2513. The penalty for first-degree murder is a minimum of ten years in prison and a maximum of life imprisonment or death. Idaho Code § 18-4004.

Consistent with these statutory provisions, the trial court in this case sentenced Petitioner to two concurrent terms of life in prison with the first thirty-three years fixed. In other words, Petitioner will be required to serve thirty-three years before he can be considered for parole by the Commission of Pardons and Parole, and if the Commission does not release him on parole after that

---

[2] The Idaho Court of Appeals's decision was later overruled on other grounds by the Idaho Supreme Court in *State v. Wilson*, 690 P.2d 1338 (1984).

**MEMORANDUM ORDER - 4**

time, he will remain in prison until the end of his natural life.  Petitioner's sentence falls within the range authorized by Idaho law, and it is not ambiguous or arbitrary with respect to its terms.

For all of these reasons, it plainly appears that Petitioner would not be entitled to relief in the district court, and this case shall be dismissed.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Application for In Forma Pauperis Status (Docket No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED.

DATED:  **January 15, 2008**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 5**